# United States District Court
### for the
### Western District of New York

| | |
|---|---|
| United States of America<br>v.<br>**ROHAN MORRISON**<br>*Defendant* | Case No. 25-MJ-5129 |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about April 27, 2025, in the Western District of New York and elsewhere, the defendant, **ROHAN MORRISON**, did knowingly possess with the intent to distribute cocaine, a Schedule II controlled substance in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

On or about April 27, 2025, in the Western District of New York and elsewhere, the defendant, **ROHAN MORRISON**, an alien who previously had been deported and removed from the United States, was found in the United States, without having obtained the express consent of the Attorney General of the United States or the Secretary of the Department of Homeland Security to reapply for admission to the United States, in violation of Title 8, United States Code Sections 1326(a).

This Criminal Complaint is based on these facts:

☒ Continued on the attached sheet.

*Ralph Joseph*
Complainant's signature

RALPH JOSEPH
Special Agent
Federal Bureau of Investigation
*Printed name and title*

Sworn to and signed telephonically.

Date: April 27, 2025

*Michael J. Roemer*
Judge's signature

City and State: Buffalo, New York

HONORABLE MICHAEL J. ROEMER
UNITED STATES MAGISTRATE JUDGE
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

STATE OF NEW YORK )
COUNTY OF ERIE          ) ss:
CITY OF BUFFALO       )

I, Ralph Joseph, being duly sworn, deposes and says:

### I. INTRODUCTION AND AGENT BACKGROUND

1. I am a Special Agent with the Federal Bureau of Investigation ("FBI"). I have been employed as Special Agent with the FBI since July 2019. I am responsible for conducting and assisting in investigations into the activities of individuals and criminal groups responsible for racketeering and other crimes associated with organized crime. These investigations are conducted both overtly and covertly. I have participated in numerous organize crime, violent crime, narcotics, financial, and public corruption investigations. As such, I am an "investigative or law enforcement officer of the United States" within the meaning of Title 18, United States Code, Section 2510(7), that is, an officer of the United States empowered by law to conduct investigations of and to make arrests for offenses enumerated in Title 18, United States Code, Section 2516.

2. As a Special Agent, I attended the Basic Field Training Course at the FBI Academy in Quantico, Virginia. During this training, I received detailed training, both academic and practical application, in the areas of informant handling/debriefing, various investigative techniques, and collection and processing of evidence. In addition, I received

1

both academic and practical application training on surveillance and counter surveillance techniques/methods. I received legal instruction on various federal violations, constitutional amendments, relevant case law, preparing affidavits, Fourth Amendment Searches and Seizures, Federal Rules of Evidence, and the execution of search warrants.

3.      Based on my training and experience, I am familiar with the techniques and methods of operation used by individuals involved in criminal activity to conceal their activities from detection by law enforcement authorities. While participating in these investigations, I have reviewed and analyzed recorded conversations and records of drug traffickers and money launderers. Through training and experience, I am also familiar with many of the methods and techniques used by criminal organizations to launder and legitimize proceeds from illegal activity in an effort to avoid law enforcement detection and other government mandated reporting requirements. My investigative experience detailed herein, and the experience of other law enforcement agents who are participating in this investigation, serve as the basis for the opinions and conclusions set forth herein.

4.      The statements contained in this affidavit are based upon the facts set forth below and are based upon your Affiant's personal observations, reports, and information provided to your Affiant by other law enforcement officials and witnesses, and reviewing of surreptitiously made recordings.

3. This affidavit is intended to show that there is probable cause that Rohan R. Morrison (hereinafter "**MORRISON**") violated Title 21, United States Code, Sections 841(a)(1) (possession with intent to distribute narcotics) and Title 8, United States Code, Section 1326(a) (Illegal Reentry after Deportation). This affidavit does not purport to set forth all of your Affiants knowledge of the investigation into this matter. The information that I have set forth herein I believe to be reliable based upon the investigation to date. Further, I have set forth only the facts that I believe are necessary to establish probable cause.

### III. PROBABLE CAUSE

1. FBI and DEA Buffalo are conducting a criminal investigation of a drug trafficking organization ("DTO") based and operating throughout the Western District of New York. Based on my training and experience, as well as information learned during the investigation, including physical surveillance the FBI/DEA have identified **MORRISON**[1] as a narcotics trafficker operating out of the Rochester and Buffalo, New York, area. Specifically, **MORRISON** is known to transport cocaine from the Rochester, New York, area, to the Buffalo, New York, area, for further distribution.

2. On April 27, 2025, New York State Police (NYSP) stopped **MORRISON** in the County of Cortland, New York, for a speeding violation, moving from lane unsafely, and

---

[1] **MORRISON's** criminal history includes a federal felony conviction on June 29, 2010 for conspiracy to distribute marijuana and was sentenced to 1 day confinement and 4 years of supervised release. Pursuant to **MORRISON's** felony conviction, **MORRISON** was ordered removed from the United States on June 6, 2014.

3

unsafe turn or failure to give appropriate signal. According to NYSP, **MORRISON** gave voluntary consent to search his vehicle. According to NYSP and a review of the patrolman's body camera, two large boxes were observed in the truck of **MORRISON's** vehicle. Based on information revealed during the investigation regarding **MORRISON's** suspected involvement in narcotics trafficking, **MORRISON** was detained by NYSP and transported to New York State Police Homer Barracks for further questioning.

3.  Special Agents and Task force officers responded to Homer Barracks to question **MORRISON**. The Agents and Officers identified themselves to **MORRISON** and attempted to conduct a voluntary custodial interview. After being advised of his Miranda rights, **MORRISON** informed law enforcement officers that the aforementioned boxes contained 16 kilograms of cocaine. Furthermore, **MORRISON** stated that he picked up the cocaine in New Jersey in **MORRSION's** vehicle and was transporting it back to Rochester, New York. Pursuant to a federal warrant, a search of **MORRISON's** vehicle was conducted whereby the boxes containing 16 kilogram "bricks" of suspected cocaine was found in the truck of the vehicle. The recovered suspected cocaine weighed a gross weight of 19.4 kilograms. A field test was conducted and returned positive for cocaine. The cocaine will be sent to a forensic laboratory for analysis. A photograph of the recovered narcotics, along with recovered U.S. Currency and cell phones, is pictured below.



4.     **MORRISON** was identified during the traffic stop by a New York State Driver's License. Additionally, during the investigation, **MORRISON'S** name and date of birth was entered into a Department of Homeland Security database and it was discovered that he is a Jamaican national and was previously deported from the United States. A review of the documents contained in the Alien Registration File (A-file) for ROHAN **MORRISON** revealed that he had been removed from the United States on one prior occasion: on June 6, 2014, **MORRISON** was ordered removed by an immigration judge, and physically departed the United States on March 29, 2018, from Alexandria, Louisiana, pursuant to that order. Based on the immigration record checks, **MORRISON**, has no valid immigration status and is illegally present in the United States. Additionally, there is no evidence that **MORRISON** had any authorization or approval from the Attorney General of the United States, or the Secretary of the Department of Homeland Security, to re-enter the United States after his removal.

5. When he was deported, **MORRISON** was provided an Immigration Form I-294, advising him that he would be in violation of Title 8, United States Code, Section 1326 if he entered, attempted to enter, or was found in the United States without the permission of the United States Attorney General, or his Successor, The Secretary of Homeland Security.

## CONCLUSION

5. **WHEREFORE,** based upon the foregoing, there is probable cause to believe that **MORRISON** has committed a violation of Title 21, United States Code, Sections 841(a) and 846 (narcotics trafficking), and Title 8, United States Code, Section 1326(a).

*Ralph Joseph*
Ralph Joseph
Special Agent
Federal Bureau of Investigation

SUBSCRIBED TO AND SWORN TELEPHONICALLY

THIS DAY OF April 27, 2025

*Michael J. Roemer*
HONORABLE MICHAEL J. ROEMER
UNITED STATES MAGISTRATE JUDGE